**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **CHAKESHA SCOTT, ET AL.** | **NO. 26-00079-BAJ-RLB** |

**ORDER**

Before the Court are Defendants Chakesha Scott, Eric Scott, and Sam Green's **Motions to Continue**. (Doc. 39, Doc. 45 (filed by Defendant Eric Scott); Doc. 40 (filed by Defendant Sam Green); Doc. 41; Doc. 42 (filed by Defendant Chakesha Scott)).[1] Defendants ask the Court to continue the pending deadlines in this case and to declare the case complex under the Speedy Trial Act. The Government does not oppose Defendants' request.

In light of the Motions, the Court held a status conference to discuss the volume and nature of discovery, as well as the pending deadlines in this case, with the Parties.

In their Motions, Defendants indicate that more time is needed to thoroughly review the voluminous discovery in this matter, which includes approximately 9 gigabytes of data, comprising over 62,000 pages of documents, 56 audio and video files, 128 spreadsheets, and hundreds of email files and other materials. Defendants

---

[1] Although Defendant Courtney Scott has not yet filed a Motion to Continue, Defense Counsel indicated during the status conference that Defendant Courtney Scott has no objection to a continuance in this matter. (Doc. 44).

indicate that failure to grant the continuance would deny the Parties reasonable time for effective preparation, taking into account the exercise of due diligence. Defendants also assert that the ends of justice served by granting a continuance outweigh the interest of the public and the Defendants to a speedy trial.

Defendants further urge that the Court should decare this case complex due to the volume of discovery, the number of Defendants, the substantive motions that Defendants may file, and the need for the Court to consider unique and complex questions of law and fact.

Accordingly, and for the reasons discussed during the telephone status conference,

**IT IS ORDERED** that the Motions (Doc. 39; Doc. 40; Doc. 41; Doc. 42; Doc. 45) are **GRANTED**.

**IT IS FURTHER ORDERED** that a telephone status conference is **SET** on November 19, 2026, at 10:00 A.M. Counsel will receive dial-in credentials prior to the conference.

**IT IS FURTHER ORDERED** that all other deadlines are **CONTINUED WITHOUT DATE**, to be reset during the November 19, 2026 telephone status conference.

**IT IS FURTHER ORDERED** that this case be and is hereby declared **COMPLEX** pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that the ends of justice served by granting a continuance, declaring this case complex, and

suspending the time limits set forth under the Speedy Trial Act outweigh the interests of the public and the Defendants in a speedy trial. Specifically, the Court finds this case to be complex due to the nature of the prosecution, the unique facts and circumstances related to pending charges, and the volume and nature of discovery, such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

Baton Rouge, Louisiana, this 20th day of October, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**